769 So.2d 523 (2000)
Brian AYCOCK, Appellant,
v.
STATE of Florida, Appellee.
No. 5D99-507.
District Court of Appeal of Florida, Fifth District.
October 27, 2000.
Brian L. Aycock, Orlando, pro se.
*524 Robert A. Butterworth, Attorney General, Tallahassee, and Pamela J. Koller, Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Brian Aycock, a pro se litigant, appeals his judgment and conviction of robbery with a weapon.[1] We affirm.
After the Office of the Public Defender was appointed to represent Aycock, he filed his five-page, handwritten "Motion for Faretta[2] Hearing, Discharge of Counsel and Reappointment of Counsel as Standby Counsel." He complained that five public defenders had represented him in the four months since his arrest, and that he disagreed with his current public defender as to specific defense strategies. Defense counsel filed a "Motion for Nelson Hearing and Feretta [sic] Inquiry" and a hearing on both motions was held.
Judge Eaton proceeded to review the stages of the trial with Aycock, including voir dire, jury selection, direct examination, cross-examination and closing argument. Judge Eaton also reviewed Aycock's possible motion for judgment of acquittal, and Aycock's decisions whether or not to testify or put on other evidence. Aycock indicated he was prepared to represent himself during all these stages of the trial. He also indicated that he understood the rules of criminal procedure. Aycock stated he had represented himself previously in a criminal case and had been "successful."
After the lengthy colloquy, Judge Eaton found Aycock was intelligent and articulate and that Aycock had knowingly waived his right to counsel. He appointed Attorney Pollock to serve as Aycock's standby counsel, and, at Pollack's request, Judge Eaton explained that Pollack's role was to sit with Aycock at trial, or behind him, but that Pollack would not be Aycock's law clerk or research assistant. Judge Eaton also informed Aycock that he would advise him each time they met that he could change his mind regarding this decision.
Aycock contends that the trial court reversibly erred by denying Aycock's request to order standby counsel to perform various legal tasks. In effect, Aycock says he did not just have a constitutional right to hybrid representation, but he had a constitutional right to have hybrid counsel perform every function Aycock saw fit, whenever Aycock saw fit. He is wrong. See Molino v. Dubois, 848 F.Supp. 11, 14 (D.Mass.1994) ("[t]he trial judge must be alert to clever defendants ... claiming that the trial judge either failed to restrict or overly restricted the role of standby counsel"). Aycock's second point on appeal is also without merit.
AFFIRMED.
THOMPSON, C.J., GRIFFIN and SAWAYA, JJ., concur.
NOTES
[1] § 812.13(2)(b), Fla. Stat.
[2] Faretta v. California, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).